# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WAR N. MARION,**

        **Petitioner,**

   **-v-**                                                      **Case No. 10-C-860**

**GREGORY GRAMS,**

        **Respondent.**

## DECISION AND ORDER

The pro se Petitioner, War N. Marion ("Marion"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The matter is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Marion requests that the Court consider the brief and attachments to the petition

---

[1] Marion also filed a Wisconsin Circuit Court form "Petitioner's Petition for Waiver of Prepayment of Fees and Costs-Affidavit of Indigency." Marion has not used this District's form. Moreover, his request is denied as moot since he has paid the fee for filing this action.

1

for a writ of habeas corpus that he filed in *Marion v. Grams*, No. 10-C-568 (E.D. Wis.) (the "10-C-568 action").[2] The Court has done so and will direct the Clerk of Court to electronically file in this action the attachments to Docket No. 1 that were filed in the 10-C-568 action.

Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Marion challenges his May 18, 2001, conviction by the Circuit Court for Milwaukee County, Wisconsin, for second degree reckless homicide. He is serving an aggregate sentence of 20 years, comprised of 12 years of imprisonment and eight years of extended supervision.

Liberally construed, having also taken into account Marion's brief and attachments originally filed in the 10-C-568 action, Marion arguably sets forth four grounds: (1) trial counsel was ineffective because counsel coerced him into pleading guilty with promises of ten years total; (2) coerced confessions were used as evidence at sentencing; (3) his conviction was obtained in violation of double jeopardy; and (4) the plea proceeding was deficient. Although ground three refers to double jeopardy, Marion's statement of supporting facts for the ground claims that he was tricked into pleading guilty by trial counsel and the prosecutor.

Based on the foregoing, Marion's petition sets forth four grounds that challenge the

---

[2]On August 24, 2010, the 10-C-568 action was dismissed for failure to exhaust state remedies. Dismissal for failure to exhaust does not make the instant petition a successive petition. *See Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000). Therefore, the Court proceeds with its consideration of the petition.

2

legality of his custody as being in violation of the Constitution of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

In his petition, Marion states that he presented the four grounds to appellate counsel but she stated that the grounds were waived due to his guilty plea had been raised in multiple § 974.06 motions with briefs and in his state habeas petition. Nonetheless, having examined the attachments filed in the 10-C-568 action, the Court is able to determine that the Wisconsin Court of Appeals addressed the adequacy of the plea colloquy. *See Wisconsin v. Marion*, No. 01-3117-CRNM (Wis. Ct. App. Apr. 22, 2002). According to the Wisconsin state court records, Marion did not file a petition for review of that determination by the Wisconsin Supreme Court. *See [http://wscca.wicourts.gov](http://wscca.wicourts.gov) (last visited* Oct. 22, 2010). However, any attempt to obtain review of that determination by the Wisconsin Supreme Court would be futile at this

date.

The attachments filed in the 10-C-568 action also indicate that, thereafter, Marion filed three petitions for post-conviction review. Those petitions were summarily denied on June 13, 2002, July 30, 2002, and July 30, 2003.

Subsequently, Marion filed a state petition for a writ of habeas corpus,[3] pursuant to *State v. Knight*, 484 N.W. 2d 540 (Wis. 1992), with the Wisconsin Court of Appeals. That petition was denied on May 17, 2010, and the Wisconsin Supreme Court denied Marion's petition for review on September 21, 2010. Based on the submissions before the Court, it is unclear whether Marion has exhausted his state remedies as to all of his claims.

However, at this juncture, summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Marion is not entitled to the relief sought by his petition for a writ of habeas corpus. Consequently, Respondent Gregory Grams ("Grams") will be called upon to serve and file an answer to Marion's petition for a writ of habeas corpus. The answer must contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

Marion also filed a request for appointment of counsel. In that regard, Marion is

---

[3] A report dated October 16, 2009, of the Wisconsin Public Defender to the Wisconsin Court of Appeals regarding the appointment of counsel in No. 2009AP002365-W, indicates that the issues raised by Marion's petition for a writ of habeas corpus included claims that (1) trial counsel was ineffective because counsel coerced him into pleading guilty by telling him that the judge had secretly promised a certain result upon Marion's acceptance of a plea bargain; (2) coerced confession; and (3) the plea proceeding was deficient. The report is included in the attachment filed in the 10-C-568 action.

4

advised that there is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). If a petitioner qualifies under 18 U.S.C. § 3006A(b), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so require. See Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.")). In *Winsett*, the court of appeals applied the then current multi-step standard for evaluating a motion for appointment of counsel under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(d).

5

*Pruitt*, 503 F.3d at 655, revisited that standard and clarified the second step.[4] However, the court did not change the threshold inquiry; that is, a district court "must" ask before ruling on a motion for appointment of counsel has the indigent plaintiff made a reasonable attempt to obtain counsel or has he been effectively precluded from so doing? Marion's request for counsel does not contain any indication that he made any attempt to obtain counsel or that he is effectively precluded from doing so. Since Marion has not satisfied the threshold requirement for appointment of counsel, the request is denied.

If Marion wants to further pursue appointment of counsel he should also complete this District's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs Before District Court or on Appeal. The Court will direct the Clerk of Court to enclose a copy of the form with Marion's copy of this Decision and Order.

---

[4]The court explained:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Johnson* [*v. Doughty*], 433 F.3d [1001] at 1006 [7th Cir. 2006] (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Haas*, 990 F.2d [319] at 323 [7th Cir. 1993]). Rather, the question is whether the difficulty of the case-factually and legally- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 654-55 (footnote omitted).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Marion's request to proceed without prepayment of fees and costs is **DENIED** as moot.

The Clerk of Court is **DIRECTED** to electronically file the attachments to the petition that was filed as Docket No. 1 in *Marion v. Grams*, No. 10-C-568 (E.D. Wis.), in this action.

Grams **MUST** file an answer to the petition on or before **December 17, 2010**.

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Marion's request for appointment of counsel (Docket No. 6) is **DENIED**.

The Clerk of Court is **DIRECTED** to enclose a copy of the District's form Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs Before District Court or on Appeal, with Marion's copy of this Decision and Order.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**